Simon Frankel (Bar No. 171552)
COVINGTON & BURLING LLP
One Front Street, 35th Floor
San Francisco, California 94111-5356
Telephone: + 1 (415) 591-6000
Facsimile: + 1 (415) 591-6091
Email: sfrankel@cov.com

Devon Mobley-Ritter (Bar No. 309439)
COVINGTON & BURLING LLP
333 Twin Dolphin Drive, Suite 700
Redwood Shores, California 94065-1418
Telephone: + 1 (650) 632-4700
Facsimile: + 1 (650) 632-4800
Email: dmobleyritter@cov.com

Attorneys for Giorgio Armani S.p.A.

FILED
MAY 25 2017
CLERK, SUSAN Y. SOONG
NORTHERN DISTRICT OF CALIFORNIA
SAN JOSE

UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| IN RE EX PARTE APPLICATION OF GIORGIO ARMANI S.P.A. | Misc. Case No. CV 17 80067 MISC HRL |
| | **ARMANI'S APPLICATION FOR ORDER PURSUANT TO 28 U.S.C. § 1782** |

Applicant Giorgio Armani S.p.A. ("Armani"), through its attorneys, hereby moves this Court for an *ex parte* order pursuant to 28 U.S.C. § 1782 directing Google, Inc. ("Google") to produce documents for use in a foreign proceeding. Specifically, these documents are for use in proceedings before the High Court of England in the matter between Armani and Universal Air Express Ltd. and Nasir Ali, HC-2017-001014. The subjects of the discovery sought are detailed in the proposed subpoenas attached hereto as Exhibit 1.

Applicant respectfully requests that the Court order the production of documents specified in Attachment A to the subpoena, unless otherwise agreed by the parties, on or before June 9, 2017.

In further support of this Application, Applicants submit simultaneously herewith a supporting Memorandum of Points and Authorities and Declaration of Louise Freeman, an English Solicitor with personal involvement in the commenced proceedings in England for which discovery is sought in this current Application.

## JURISDICTION

This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §§ 1331 and 1782.

This Court has personal jurisdiction over the object of the application because Google, Inc. resides in or has its principal place of business in the state of California, county of Santa Clara.

Dated: May 25, 2017

COVINGTON & BURLING LLP

By: [signature]
Simon Frankel
Devon Mobley-Ritter

*Attorneys for Applicant*
**GIORGIO ARMANI S.P.A.**

# EXHIBIT 1

AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

# UNITED STATES DISTRICT COURT

for the

Northern District of California

| | | |
|---|---|---|
| In re Ex Parte Application of Giorgio Armani S.p.A.<br>*Plaintiff*<br>v.<br><br>*Defendant* | ) ) ) ) ) ) | Civil Action No. |

## SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION

To: Google, Inc. c/o Richard Salgado

*(Name of person to whom this subpoena is directed)*

☑ *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material: See Attachment A.

| Place: Covington & Burling LLP<br>333 Twin Dolphin Drive, Suite 700<br>Redwood Shores, CA 94065 | Date and Time:<br>06/09/2017 9:00 am |
|---|---|

❐ *Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date: ______________

*CLERK OF COURT*

OR

_________________________ *Signature of Clerk or Deputy Clerk*

_________________________ *Attorney's signature*

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)* Giorgio Armani S.p.A. , who issues or requests this subpoena, are:

Devon Mobley-Ritter, 333 Twin Dolphin Dr., Redwood Shores, CA 94065, dmobleyritter@cov.com, 650-632-4739

**Notice to the person who issues or requests this subpoena**

If this subpoena commands the production of documents, electronically stored information, or tangible things or the inspection of premises before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

Civil Action No.

## PROOF OF SERVICE

***(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)***

I received this subpoena for *(name of individual and title, if any)* ______________________

on *(date)* __________ .

❒ I served the subpoena by delivering a copy to the named person as follows: ______________________

______________________________________________ on *(date)* __________ ; or

❒ I returned the subpoena unexecuted because: ______________________

______________________________________________ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ __________ .

My fees are $ __________ for travel and $ __________ for services, for a total of $ 0.00 .

I declare under penalty of perjury that this information is true.

Date: __________

______________________________
*Server's signature*

______________________________
*Printed name and title*

______________________________
*Server's address*

Additional information regarding attempted service, etc.:

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

**(1)** ***For a Trial, Hearing, or Deposition.*** A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
**(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
**(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person
**(i)** is a party or a party's officer; or
**(ii)** is commanded to attend a trial and would not incur substantial expense.

**(2)** ***For Other Discovery.*** A subpoena may command:
**(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
**(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

**(1)** ***Avoiding Undue Burden or Expense; Sanctions.*** A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

**(2)** ***Command to Produce Materials or Permit Inspection.***
**(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
**(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
**(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
**(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

**(3)** ***Quashing or Modifying a Subpoena.***
**(A)** *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
**(i)** fails to allow a reasonable time to comply;
**(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);
**(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
**(iv)** subjects a person to undue burden.
**(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
**(i)** disclosing a trade secret or other confidential research, development, or commercial information; or
**(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
**(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
**(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
**(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

**(1)** ***Producing Documents or Electronically Stored Information.*** These procedures apply to producing documents or electronically stored information:
**(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
**(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
**(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
**(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

**(2)** ***Claiming Privilege or Protection.***
**(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
**(i)** expressly make the claim; and
**(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
**(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

## ATTACHMENT A

## INSTRUCTIONS

1. These requests call for Documents within your possession, custody, or control.

2. Such Documents shall be produced in the manner maintained by You in the ordinary course of business. Documents attached to each other should not be separated.

3. If no Documents exist in response to all or part of a request, please state that fact and otherwise respond to all parts of the request for which Documents exist.

4. If You claim that the language of any request is vague or ambiguous, then You must identify the language you believe is ambiguous and describe the different interpretations that You believe may apply to such language.

5. In accordance with Rule 45(e)(1)(B) of the Federal Rules of Civil Procedure, Documents that are stored electronically or in machine-readable form should be produced in electronic form with sufficient information to allow counsel to readily access or read such data or Documents.

6. In accordance with Rule 26(b)(5) of the Federal Rules of Civil Procedure, if any Document responsive to these Requests is withheld based upon a claim of privilege, state separately for each such Document, the nature of any such Documents in a manner that will enable other parties and/or the Court to assess the claim. If You claim privilege or protection to part of a Document, You shall redact that portion which is privileged or protected and produce the remainder.

7. These Requests are deemed to be continuing and require that You promptly supplement Your responses and produce any responsive Documents later discovered up to the day of trial in this action.

## DOCUMENT REQUESTS

1. All non-content, identifying information associated with the email account armaanilondonspa@gmail.com, including the Internet Protocol addresses and activity logs, any registration and payment records, and any subscriber information associated with the account.

2. All non-content information relating to the Google drive associated with the account universalairexpress786@gmail.com and specifically, data pertaining to any deletions or attempted deletions, including by moving documents to the "Trash" folder, that occurred between April 6 and April 10, 2017, including all available information about the user(s) that made the deletions or attempted deletions, the Internet Protocol addresses and activity logs, any registration and payment records, and any subscriber information associated with the account.