UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| In re *Ex Parte* Application of<br>GIORGIO ARMANI S.P.A.,<br>Applicant,<br><br>For an Order Pursuant to 28 U.S.C. § 1782. | Case No.17-mc-80067-HRL<br><br>**ORDER GRANTING APPLICATION FOR DISCOVERY IN AID OF FOREIGN LITIGATION PURSUANT TO 28 U.S.C. § 1782.**<br><br>Re: Dkt. No. 1 |

Petitioner Giorgio Armani S.p.A. ("Armani") requests discovery in aid of a proceeding before the High Court of Justice in England pursuant to 28 U.S.C. Section 1782. Dkt. No. 1.

Following an investigation into a counterfeiting operation involving its products, Armani applied for and received an order from the English Court for the search and seizure of counterfeit products and related documents and electronic accounts from Universal Air Express Ltd. and Nasir Ali ("Ali"). Dkt. No. 3, Freeman Decl., ¶¶ 3-5, Ex. A. These related accounts included a Google Drive account associated with the e-mail address universalairexpress786@gmail.com. *Id.*, at ¶ 5. During its search, Armani found that, in violation of the English Court's order, (1) Ali had received an e-mail from armaanilondonspa@gmail.com tipping him off to the impending search, and (2) unknown users sought to delete information from the universalairexpress786@gmail.com account. *Id.*, at ¶¶ 6-11. Armani is unaware of the identities of the individuals associated with these accounts. *Id.*, at ¶ 7.

Armani seeks the assistance of this court so that it may serve proposed subpoenas on Google, Inc. Dkt. No. 1. The proposed subpoenas seek the production of information associated with the two e-mail accounts and related to the attempted deletions described above. *Id.*, Ex. 1.

**LEGAL STANDARD**

Ex parte applications are appropriate for seeking discovery pursuant to Section 1782. Ex parte applications are common in this context and "are typically justified by the fact that the parties will be given adequate notice of any discovery taken pursuant to the request and will then have the opportunity to move to quash the discovery or to participate in it." *In re Republic of Ecuador*, No. C-10-80225 MISC CRB (EMC), 2010 WL 3702427, at *3 (N.D. Cal. Sept. 15, 2010) (quoting *In re Letter of Request from Supreme Court*, 138 F.R.D. 27, 32 n.6 (S.D.N.Y. 1991)).

Pursuant to Section 1782, a district court may order a person residing within its district to produce documents or testimony for use in a foreign legal proceeding, unless the disclosure would violate a legal privilege. 28 U.S.C. § 1782(a). This statute may be invoked where (1) the discovery is sought from a person residing in the judicial district in which the application is made; (2) the discovery is for use in a proceeding before a foreign tribunal; and (3) the applicant is a foreign or international tribunal or an 'interested person.'" *Id.*; *Intel Corp. v. Advanced Micro Devices, Inc.*, 542 U.S. 241, 246-47 (2004).

A district court is not required to grant the application, but instead retains discretion to determine what discovery, if any, should be permitted. *Id.* at 264. In addition to the statutory requirements, the Supreme Court has counseled that the district court should consider the following discretionary factors: (1) whether "the person from whom discovery is sought is a participant in the foreign proceeding"; (2) "the nature of the foreign tribunal, the character of the proceedings underway abroad, and the receptivity of the foreign government or the court or agency abroad to U.S. federal-court judicial assistance"; (3) whether the discovery request is "an attempt to circumvent foreign proof-gathering restrictions or other policies of a foreign country or the United States"; and (4) whether the discovery requested is "unduly intrusive or burdensome." *Id.* at 264-65.

**DISCUSSION**

**A. Statutory Requirements.**

Google resides in Mountain View, Santa Clara County, California, within the Northern

2

District of California. The requested discovery is for use in a foreign proceeding pending before the High Court of England. Dkt. No. 3, Freeman Decl., ¶ 5. And Armani, as a litigant in the foreign proceeding, is an interested person. *Intel Corp.*, 542 U.S. at 256.

**B. Discretionary Factors.**

(1) Google is not a participant in the foreign proceeding, which weighs in favor of permitting the discovery. (2) The English Court is likely to be receptive to U.S. Court assistance. *Royal Bank of Scotland Plc v. Hicks* [2011] EWHC (Ch) 287 [94, 95, 96] ("The ability to apply for disclosures under USC 1782 in aid of its proceedings in this country is a facility available to any litigant."). (3) Armani asserts that it is not seeking to circumvent foreign limitations on discovery, and the court has no reason to believe otherwise. Finally, (4) the request is narrowly tailored, and seeks only non-content subscriber information and information related to specific account activities during a limited time period.

These discretionary factors weigh in favor of allowing the requested discovery. As such, Armani's application for discovery pursuant to Section 1782 is GRANTED. The instant order is without prejudice to Google or another interested party to seek to quash the subpoena. In the event any discovery disputes arise, the parties shall comply with the undersigned's Standing Order re: Civil Discovery Disputes, which, among other things, requires the submission of a joint discovery letter brief, rather than a noticed motion.

**IT IS SO ORDERED.**

Dated: 5/31/2017

HOWARD R. LLOYD
United States Magistrate Judge